Filed 9/16/22  P. v. Savary CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B318196 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos.  KA083613, KA094210) |
| v. | |
| KEFFIER HORACE SAVARY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Two juries convicted appellant of murder, personal use of a firearm, conspiracy to commit murder, and dissuading a witness from testifying. On February 28, 2013, the trial court sentenced appellant to three consecutive terms of 25 years on the murder and conspiracy to murder counts and one firearm enhancement. It also imposed the midterm of two years for dissuading a witness from testifying, for a total of 77 years to life. We affirmed the convictions and sentences. (*People v. Savary* (Feb. 3, 2015, B247512) [nonpub. opn.].)

On May 1, 2019, appellant filed a "Petition for Recall of Sentence Pursuant to Penal Code section 1170.91(a) and . . . SB 620." He contended he was eligible for resentencing because of his previous military service and diagnosis of post-traumatic stress disorder. He also argued the court should exercise its discretion under newly enacted Senate Bill No. 620 to strike the firearm enhancements. The trial court denied the petition.

On appeal we reversed only as to the term imposed for dissuading a witness. We found Penal Code section 1170.91 applies only to determinate sentences. We directed the court to reconsider the two-year midterm sentence imposed on appellant and affirmed the remaining indeterminate terms for murder and conspiracy to commit murder. We also directed the trial court to consider under Senate Bill No. 620 whether to strike the firearm enhancements. (*People v. Savary* (Feb. 25, 2020, B299514) [nonpub. opn.].)

On remand, the trial court appointed counsel for appellant, reviewed the record and briefing, entertained oral argument and heard appellant's oral statement to the court. The court declined to lower appellant's two-year term or to strike the firearm enhancement. In so ruling, the trial court found appellant did suffer from post-traumatic stress disorder and found the aggravating factors outweighed the mitigating factors. It also found no basis to strike the gun use enhancements. This appeal followed.

On July 12, 2022, counsel filed a brief raising no issues. Counsel advised us he had informed appellant of his right to file a supplemental brief and sent him copies of the no-issue brief and transcripts of the record on appeal. That same day we advised appellant he had 30 days within which to personally submit contentions or issues he wants us to consider. No supplemental briefing was filed.

We have examined the record and are satisfied appellant's counsel fully complied with his responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P.J.

We concur:

WILEY, J.

HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4